UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tracy A. Haynes, et al., | Case No. 2:25-cv-02323-APG-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| Senoia Golf Carts, et al., | |
| Defendants. | |

Pro se plaintiff filed an application to proceed *in forma pauperis* and a complaint. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens his complaint.

**I.    ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A case in federal court based on diversity of citizenship requires a disclosure statement from each party that names and identifies the citizenship of that party, or entity whose citizenship is attributed to that party, at the time the complaint is filed (and, if applicable, when the case was removed to federal court). Fed. R. Civ. P. 7.1(a)(2). For a corporation, citizenship is determined by its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). A corporation's principal place of business is its "nerve center," which is not necessarily its

headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("[I]n practice [the 'nerve center'] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."). "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (*quoting Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (emphasis added). Moreover, "[i]f even one of [an LLC's] members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered." *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011). The Court must "trac[e] through however many layers there may be" to ensure the citizenship of every partner or member is accounted for in the Court's jurisdictional analysis. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020). "Diversity jurisdiction depends on the citizenship of all of the members of the LLC and may be destroyed if any owner or member" of any layer of an unincorporated entity on one side has the same citizenship as a party on the other side. *Holden v. Fluent, Inc.*, No. 20-cv-03816-JCS, 2020 WL 6822914, at *1 n.3 (N.D. Cal. Nov. 20, 2020).

A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

**1. Jurisdiction**

Plaintiff 's claims involve the purchase of e-bikes and Defendants' failure to deliver them or refund the payment. Plaintiff alleges that he is a citizen of Nevada, and that Defendant Sonoia Golf Carts is a citizen of Georgia. But Plaintiff provides no information regarding the citizenship of Defendant Xpress Freight. Thus, it is impossible to determine whether there is full diversity in this case.

In addition, it is not clear how the amount in controversy exceeds the $75,000 minimum that would give this court jurisdiction over the matter. Plaintiff lists a variety of different categories (some which are questionable) but does not provide much explanation as to how his

damages exceed $75,000. "Conclusory allegations as to the amount in controversy are insufficient" to establish jurisdiction. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090–91 (9th Cir. 2003). In addition, while it is not the purpose of a screening order to assess the merits of a claim for punitive damages, it is relevant to note that party in Nevada may not recover punitive damages resulting from a breach of contract. *S.J. Amoroso Const. Co. v. Lazovich and Lazovich*, 810 P.2d 775 (Nev. 1991). As such, the amount Plaintiff lists for punitive damages does not factor into the calculation to determine the amount in controversy.

**2. Amendment**

It does not appear that this Court will have jurisdiction over this matter and that this case should be filed in state court instead.[1] Nevertheless, of Plaintiff chooses to amend, he must read this order carefully and address the current deficiencies.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serve any function in this case. As such, if Plaintiff files an amended complaint, each claim and the involvement of each specific defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

---

[1] Give this, this Court does not address other deficiencies regarding pleading standards and Plaintiff's inability to represent his grandson pro se.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend. **If Plaintiff chooses to file an amended complaint, he must do so by December 26, 2025, or this Court will recommend that her case be dismissed.**

DATED: November 24, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE